**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ROBYN ANN WILLIAMS,

               Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

               Defendant.

2:17-cv-01036-JAD-VCF

**REPORT & RECOMMENDATION**

This matter involves Plaintiff Robyn Williams' appeal from the Commissioner's final decision denying Williams' social security benefits. Before the Court is Williams' Motion for Reversal and/or Remand (ECF No. 15) and the Commissioner's Cross-Motion to Affirm (ECF No. 21). For the reasons stated below, the Court recommends denying Williams' motion to reverse or remand and granting the Commissioner's motion to affirm.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). This means such relevant "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

In this case, the Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process in 20 C.F.R. § 404.1520. The ALJ concluded Williams did not engage in substantial gainful activity during the relevant timeframe. (ECF No. 14-1 at 18). The ALJ found Williams suffered from medically determinable severe impairments consisting of degenerative disc disease, lower extremity impairment, arthritis, and depression, but the impairments did not meet or equal any listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*). The ALJ concluded Williams retained the residual functional capacity to perform light work "in that the claimant is able to…stand and/or walk 6 hours in an

8-hour workday, and sit 6 hours in an 8-hour workday all with normal breaks. … The Claimant takes medication for relief of her symptomatology; the use of medication will not preclude work at the sedentary and light exertion levels." (*Id.* at 20). A vocational expert testified that an individual with these limitations could perform the work of a receptionist, administrative clerk, claims clerk, insurance customer service clerk, and title clerk. (*Id.* at 24). The ALJ found that Williams was not under a disability as defined in the Social Security Act. (*Id.*).

Williams challenges the ALJ's assessment on a single ground. Williams argues the ALJ improperly discounted Williams' pain and symptom testimony. (ECF No. 15 at 5-10). The Commissioner argues the ALJ properly evaluated Williams' credibility and "provided specific, well-supported reasons for rejecting Plaintiff's allegations." (ECF No. 21 at 4-14).

I.      **Williams' Testimony**

During the hearing before the ALJ, Williams testified that her back surgery in March 2014 alleviated her pain for a time, but the pain has been returning "little by little" and she is now worse off than before the surgery. (ECF No. 14-1 at 40). She cannot function without pain medication, and the medication makes her feel "like a zombie." (*Id.* at 41). She can sit for 10-15 minutes at a time before needing to walk around, and she lies down "off and on all day" to relieve the pain. (*Id.* at 44-46). She could not perform work similar to a receptionist because her "brain wouldn't be on [her] job. It's on the pain constantly. … And [she] could not take that medication while [she] was at work." (*Id.* at 47).

II.     **ALJ's Findings**

The ALJ found that while "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms…the claimant's statements concerning the intensity, persistence and limiting effects of the symptoms are not entirely credible for the reasons explained in this decision." (ECF No. 14-1 at 21). The ALJ cited several medical records indicating Williams could perform light

3

work, including the opinions of non-examining State agency physicians Dr. Rosenstock and Dr. Rehman. (*Id.* at 21-23). The ALJ also noted that "claimant's work history does not lend great support to her claim for disability" because the gaps in employment and "pattern of short-term employment" "suggests a disinclination [to] work." (*Id.* at 23-24). The ALJ also found that Williams' references to side effects from the medication during the hearing weighed against her credibility, because there were no complaints of side effects in Williams' medical records. (*Id.* at 24).

Williams asserts that none of these grounds are sufficient to discredit her testimony. Williams argues Dr. Rosenstock and Dr. Rehman's opinions should not have weighed against her credibility because the opinions were rendered before the March 2014 back surgery. (ECF No. 15 at 8). Williams also asserts the ALJ should have given Williams a chance to explain any perceived inconsistencies in her work history before assuming Williams is disinclined to work. (*Id.* at 9). Williams also argues that her medications are known to cause side effects. (*Id.* at 9-10).

If the ALJ decides to discount the claimant's testimony regarding his or her subjective symptoms, the ALJ must engage in a two-step analysis. SSR 96–7p; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted). Second, if the claimant meets this first test, "the ALJ can reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). In weighing a claimant's credibility, the ALJ may consider factors such as objective medical evidence, inconsistencies between testimony and conduct, and work history. 20 C.F.R. § 416.929; SSR 96-7p; *Orn v. Astrue*, 495 F.3d 625, 636-639 (9th

Cir. 2007).  If the "ALJ's credibility finding is supported by substantial evidence in the record, [a court] may not engage in second-guessing."  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The Court finds that the ALJ provided clear and convincing reasons for finding Williams' testimony not fully credible.  Though Dr. Rosenstock and Dr. Rehman evaluated Williams before her March 2014 back surgery, the ALJ found their opinions were "consistent with the totality of the evidence." (ECF No. 14-1 at 22).  The ALJ's determination also cites several medical records from after the surgery that disagree with Williams' account of her symptoms.  (*Id.*).  In addition, contrary to Williams' argument, the ALJ did not find a "discrepancy" in Williams' work history—the ALJ found "a pattern of short-term employment" that created an "overall picture" suggesting a disinclination to work.  (*Id.* at 23-24).  The ALJ reasonably interpreted Williams' work history.  Finally, the ALJ properly noted that Williams had not reported any side effects from her medication before the hearing and on one occasion had affirmatively "denie[d] side effects."  (*Id.* at 24).  Because the ALJ's credibility finding is supported by substantial evidence, the Court recommends that the determination be upheld.

ACCORDINGLY,

IT IS RECOMMENDED that Williams' Motion for Reversal and/or Remand (ECF No. 15) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 21) be GRANTED.

DATED this 5th day of December, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE